UNITED STATES DISTRICT COURT MIDDLE DISTRICT OF TENNESSEE

NASHVILLE DIVISION

| | | |
|---|---|---|
| JAILYN M. and JAYCE M., minor children, by and through their parents and next friends, and JEFF M. and JAMIE M.<br>    Plaintiff,<br><br>v.<br><br>WILSON COUNTY SCHOOLS,<br>    Defendant. | ]<br>]<br>]<br>]<br>]<br>]<br>]<br>]<br>]<br>] | No. _____ |

## COMPLAINT

### SUMMARY

1. Wilson County Schools' Kids Club afterschool program is infected with a culture of disabilities discrimination.

2. It has a record of discriminating against disabled children in its "Kids Club" after-school program. Historically, the federal government's Office of Civil Rights within the Department of Education has been forced to intervene and required monitoring.

3. Notwithstanding the implications of the last time Kid's Club underwent federal monitoring, and undeterred, Wilson County Schools over and over ignores the civil rights of its disabled students. Here, the children are forced to file a formal complaint to secure their rights.

4. Plaintiffs, Jailyn M. and Jayce M., file this action for violation of §504 of the Rehabilitation Act and Title II of the ADA as Wilson County Schools just will not stop. Jailyn, who receives §504 accommodations in support of her condition of

ADHD; and, Jayce, who receives special education services under an IEP for his Developmental Delay and Autism, are being discriminated against because these children have disabilities and special needs. Wilson County Schools applied a different criteria for admission into Kids' Club whereby they evaluated whether these disabled children "will benefit" from the program.

5. Wilson County Schools has known since 2012 that barring admission to Kids Club because of the needs of disabled students for accommodations, including one-on-one support, is illegal. Rather than accommodate the minimal and legally required needs of Jailyn and Jayce, the administration of Wilson County Schools instead discourages parents from accessing the afterschool program and therefore bars their entry into Kids Club. For this, the Plaintiffs bring this action to enforce their civil and human rights, so that they too can access "a quality program of extended care" and "benefit…socially, emotionally, physically and educationally."

6. In this Complaint, Plaintiffs seeks to enjoin the Defendant to admit Jailyn and Jayce into Kids Club and to enjoin Defendant to maintain practices, policies, and procedures necessary to prohibit further discrimination against disabled students seeking admission to Kids Club. Additionally, the Plaintiffs seek compensatory damages from Wilson County Schools as allowed under the ADA and §504 of the Rehabilitation Act.

**THE LAW OF THE CASE**

7. Section 504 of the Rehabilitation Act of 1973, Pub. L. No. 93-112, 87 Stat. 394 (Sept. 26, 1973), codified at 29 U.S.C. § 701 et seq. (also referred to herein as "Section

504" or "§504") is an anti-discrimination mandate that applies to public school districts that receive any public finding. It prohibits a public school receiving federal funds from, among other things, denying a qualified handicapped person the opportunity to participate in or benefit from a benefit or service; affording a handicapped person a benefit or service that is unequal to that afforded others; providing a handicapped person a benefit or service that is not as effective as that provided to others; or, limiting a handicapped person in the enjoyment of rights privileges, advantages or opportunities enjoyed by others receiving an aid, benefit or service. 34 C.F.R. 104.4(b).

8. Jailyn M. and Jayce M. enjoy this protection against discrimination because they are students with a record of physical or mental impairment that substantially limits a major life activity. The Department of Education has an Office of Civil Rights ("OCR") policy, "Guidance on the Application of Section 504 to Noneducational Programs of Recipients of Federal Financial Assistance," January 3, 1990 that applies to a recipient's day care programs, after-school care programs, summer recreation programs, and similar activities that are not part of the educational program of school-age children. The Office of Civil Rights has determined that, where a voluntary program is offered by a recipient on a free or fee basis, individuals with disabilities may not be categorically excluded. They must be offered meaningful and **equal** access to that program at the same cost to individuals without disabilities.

9. School Districts must make reasonable modifications to policies, practices, or procedures when necessary to ensure equal opportunity, unless the public school can

prove that the modification would constitute a fundamental alteration of the nature of the activity. So it was in the 2011-2012, when Wilson County Schools attempted to deny a different child with autism access to Kids Club because the child would need one-to-one support. The District stated at that time, in addition to its claims that a one-on-one aid would somehow fundamentally alter the program, that the cost for obtaining additional specialized supervision would result in an undue financial burden for the program and alter the nature of Kids Club. The District further attempted to take safe harbor by claiming that Kids Club is not funded by the District but was a separate entity with limited resources funded by parents paying for the service.

10. Wilson County Schools' attempts to defend its discrimination on those grounds were rejected by the Office of Civil Rights, which concluded that the child's exclusion amounted to disability discrimination.

11. As a consequence, Wilson County Schools voluntarily agreed to enter into a Resolution Agreement. OCR presumably monitored the implementation of the Resolution Agreement to ensure that it was fully implemented. OCR reserved the right to reopen the case and take appropriate action to ensure compliance if the District failed to fully implement the Resolution Agreement.

12. In similar cases implicating the rights of disabled students to access an afterschool program, OCR has determined that '[p]roviding extra supervision to a child with a disability ordinarily will neither change the fundamental nature of the program nor unduly burden a recipient.' Chattahoochee Co. (GA) School District 04-07-1359

Page **4** of **17**

Case 3:17-cv-01003   Document 1   Filed 07/01/17   Page 4 of 17 PageID #: 4

13. Congress passed the ADA in part because "historically, society has tended to isolate and segregate individuals with disabilities, and such forms of discrimination ... continue to be a serious and pervasive social problem." 42 U.S.C. § 12101(a)(2). Congress found that this discrimination included "segregation and relegation to lesser services, programs, activities, benefits, jobs, or other opportunities." *Id*. §12101(a)(5).

14. Because of Wilson County Schools' conduct, and backed by Congress' protection of the civil rights of the disabled and disabled students, Jayce and Jailyn plead for their Complaint to this Court:

## JURISDICTION, PARTIES, AND ARTICLE III STANDING

15. Jurisdiction is proper under 28 USC §§1331 and 1343 because this is a civil action seeking redress for the deprivation of rights secured by federal law, specifically Title II of the Americans with Disabilities Act, 42 USC §12132 et seq., Section 504 of the Rehabilitation Act of 1973, 42 USC §794(a), and 42 USC §1983.

16. Venue is proper in this Court, the United States District Court for the Middle District of Tennessee, Nashville Division, in that the complained of actions took place in, and the parties reside in, Wilson County, Tennessee.

17. Jailyn M. and Jayce M. reside in Wilson County, Tennessee and attend elementary school in a school operated by Defendant Wilson County Schools.

18. Jeff M. and Jamie M. are the parents of Jailyn M. and Jayce M. and live in Wilson County with Jailyn M. and Jayce M.

19. Defendant Wilson County Schools is located in Wilson County, Tennessee and is a public school district organized under the laws of the State of Tennessee.

**FACTUAL ALLEGATIONS**

20. Jayce M is a child with Autism, as well as ADHD; and, Jailyn M. is a child with ADHD. They are enrolled in Rutland Elementary, a Wilson County School.

21. Jayce M. and Jailyn M. are students who have a record of a physical or mental impairment that substantially limits a major life activity.

22. Wilson County Schools evaluated Jayce M. for special education services and determined that he has developmental delay and thus he receives special education services.

23. Wilson County Schools. determined that Jailyn M. is impaired by ADHD and requires reasonable accommodations to be successful in the general education curriculum.

24. As a student receiving special education, Jayce's educational benefits are delivered under an Individualized Education Plan ("IEP") uniquely designed to his disability by an IEP Team made up of his parents and staff and administrators from Wilson County Schools. Everyone on the IEP Team knows of Jayce's deficits related to his disability.

25. Because of Jayce's Autism and ADHD he has sensory deficits and auditory processing deficits. These deficits make him a risk to 'elope' or to be 'a runner', without recognition of the associated risk. Likewise, because of his Autism, Jayce is

not fully toilet trained.

26. Because of Jailyn's ADHD, she has auditory sensory deficits.

27. Both Jailyn and Jayce wear noise reducing devices to accommodate their auditory sensory deficits.

28. Wilson County Schools operates an extended day program (sometimes referred to as "after-school") known as Kids Club. Kids Club operates at Jailyn and Jayce's elementary school, as well as at 11 other locations in the Defendant's school district. Kids Club has been in operation in Wilson County Schools for approximately 25 years.

29. Though it has receipts for enrollment or tuition from parents, Wilson County Schools Kids Club program receives federal assistance.

30. In the absence of enrollment in Kids Club, Jeff M. and Jamie M. have to find other after-school care for Jayce and Jailyn, have to radically change their work schedules and have to spend more money on after-school care.

31. Wilson County Schools has intentionally barred Jeff M. and Jamie M. from enrollment in Kids Club because of Jayce and Jailyn's disabilities.

32. In late Spring 2017 Jamie M. began inquiring about enrollment of the students in the Kids Club afterschool program. This inquiry was initially made online. The online portal required Jamie M. to indicate that her children were disabled.

33. In response, "Ms. Kim", an employee of Wilson County Schools' Kids Club

program, called and left a message with Jamie M. The message to Jamie M. stated the Defendant had "questions' because it identified there were "some special needs" "that's gonna [sic] have to be addressed" to see if Jailyn and Jayce "will benefit from our program."

34. Later that day, Jamie M. returned the call to Wilson County Schools' Kids Club. In that call Jamie was told that Kids Club does not offer any one-on-one assistance.

35. Jamie explained her concerns considering Jayce's elopement risk and the Defendant stated that they do not offer any assistance for that.

36. Jamie also explained Jayce's and Jailyn's auditory sensory deficits, to which the Defendant stated that the place is "always really loud."

37. Later in the same conversation the Defendant's agent "remembered" that it had forgotten to ask previously but needed be assured that, since Jayce has Autism, that he is "fully potty trained." Jayce's mom was then told by the Defendant that staff would not be available for changing Jayce.

38. In the face of the District's culture of discrimination and patent prejudice toward Jamie M.'s children, Jamie M. determined that Kids Club would not be suitable for her children's afterschool needs.

39. Jailyn and Jayce's participation in the Kids Club after-school, with or without one-on-one aide, will neither fundamentally nor substantially alter the nature of the program nor will it impose an undue financial burden on Wilson County Schools or the program.

40. Jayce and Jailyn would benefit from the program. Jayce and Jailyn can learn to make friends and to be friends with other children.

41. Wilson County Schools previously entered into a Resolution Agreement with the Department of Education Office of Rights regarding its operation of the Kids Club program.

42. Among its obligations under the aforesaid Resolution Agreement, Wilson County Schools promised the Office of Civil Rights that it would not discriminate on the basis of disability in the admission of students with disabilities to the Program and that it would not make categorical decisions, based on disability, concerning the admissions and participation of students with disabilities in the Program.

43. Wilson County Schools further agreed that by July 31, 2012, to ensure equal opportunity for students with disabilities to attend the Program, the District would develop policies and procedures to determine on a case by case basis whether a student with a disability is qualified to participate in the Program and what accommodations a student with a disability will require to participate in the Program.

44. Moreover, Wilson County Schools was obligated to provide staff training on the developed policies and procedures, as well as on the requirements of §504 and Title II of the ADA.

### PLAINTIFF'S CLAIMS

**CLAIM FOR RELEIF UNDER SECTION 504 OF THE REHABILITATION ACT**

45. Plaintiff incorporates the preceding paragraphs.

**46.** Section 504 of the Rehabilitation Act of 1973 and its implementing regulations provide, "no otherwise qualified individual with a disability in the United States… shall, solely by reason of her or his disability, be excluded from participation in, be denied the benefits of, or be subjected to discrimination under any program or activity receiving Federal financial assistance."  29 U.S.C. 794(a); *see also* 34 C.F.R. 104.4(a)

**47.** Among other requirements, entities subject to Section 504 must provide equal opportunity to qualified persons with disabilities to participate or benefit from any aid, benefit, or service they make available.  34 C.F.R. 104.4(b)(1)(ii)

**48.** Entities subject to Section 504 must avoid otherwise limiting a qualified individual with a disability in the enjoyment of any right, privilege, advantage, or opportunity enjoyed by others receiving an aid, benefit, or service. 34 C.F.R. 104.4(b)(1)(vii)

**49.** An individual with a disability is defined by reference to the Americans with Disabilities Act ("ADA").  29 U.S.C.§705(20(B); referencing 42 U.S.C. 12102(1). A person has a disability under Section 504 if they have a physical or mental impairment that substantially limits one or more of their major life activities.  42 U.S.C. 12102(1)

**50.** Major life activities include, but are not limited to, caring for oneself, performing manual tasks, seeing, hearing, eating, sleeping, walking, standing, lifting, bending, speaking, breathing, learning, reading, concentrating, thinking, communicating, and working.  A major life activity also includes the operation of a major bodily function,

including but not limited to, functions of the immune system, normal cell growth, digestive, bowel, bladder, neurological, brain, respiratory, circulatory, endocrine, and reproductive functions.  42 U.S.C. 12102(2)(A)&(B)

51. A "qualified individual with a disability" is one who, with or without reasonable accommodations for their disability, meets essential eligibility requirements to receive services from or participate in the programs or activities of a recipient of Federal financial assistance.  *See* 29 U.S.C. 794(a)

52. A "program or activity" includes local education agencies, public boards of education and school systems.  29 U.S.C. 794 (b)(2)(B), referencing 20 U.S.C. 7801 (26).

53. A "recipient of Federal financial assistance" is a public or private agency or other entity to which Federal financial assistance is extended directly or through another recipient.  34 C.F.R. 104.3(f)

54. Jayce M. and Jailyn M. are individuals with physical and mental impairments, including but not limited to, Developmental Delay, Autism and ADHD.

55. Jayce M.'s impairments affect his major life activities, including but not limited to caring for himself, manuel tasks, hearing, thinking, concentrating, learning, communicating and operation of his bodily function.

56. Jailyn M.'s impairments affect her major life activities, including but not limited to caring for herself, manuel tasks, hearing, thinking, concentrating, learning, and communicating.

57. Jailyn M. and Jayce M. are individuals with disabilities as defined by Section 504.

Page **11** of **17**

Case 3:17-cv-01003   Document 1   Filed 07/01/17   Page 11 of 17 PageID #: 11

58. Jailyn M. and Jayce M. are otherwise qualified individuals with disabilities who meets essential eligibility requirements to receive services from or participate in the programs or activities of Wilson County Schools.

59. Jayce M. and Jailyn M. attend and receive educational services from Wilson County Schools.

60. Wilson County Schools is a program or activity subject to Section 504.

61. The Wilson County Schools' Kids Club is a program or activity subject to Section 504.

62. Wilson County Schools is a recipient of Federal financial assistance.

63. Wilson County Schools' Kids Club is a recipient of Federal financial assistance.

64. Wilson County Schools is subject to the non-discrimination provisions of Section 504.

65. Wilson County Schools' Kids Club is subject to the non-discrimination provisions of Section 504.

66. Wilson County Schools' denial of Jailyn M. and Jayce M.'s access to its Kids Club program discriminated against Jailyn and Jayce as persons with disabilities by denying Jayce and Jailyn equal access and otherwise limiting their access to Wilson County Schools' facilities, programs and services as compared to their non-disabled peers.

67. Wilson County Schools' refusal to permit Jayce and Jailyn. access to its Kids Club

program was illegal disability-based discrimination that violated Section 504 of the Rehabilitation Act of 1973.

68. Wilson County Schools' discrimination was intentional as Wilson County Schools refused to allow Jayce and Jailyn access to Kids Club despite its knowledge that Jayce and Jailyn were qualified persons with a disability and to prohibit them from Kids Club was a violation of equal access for Jayce and Jailyn.

69. As a proximate result of these violations of Section 504, the Plaintiffs have suffered harm as set forth above.

**CLAIMS UNDER TITLE II OF THE AMERICANS WITH DISABILITIES ACT**

70. Plaintiffs incorporate all prior allegations.

71. Title II of the ADA and its implementing regulations forbid public entities, including local education agencies, to exclude or deny people with disabilities, like Jayce M. and Jailyn M., the benefits of its services, programs or activities, or to discriminate based on disability. 42 U.S.C. 12132; 28 C.F.R. §§35.104 & 130(a).

72. Prohibited disability-based discrimination by public entities includes the failure to provide qualified individuals with disabilities an equal opportunity to participate in or benefit from aids, benefits or services or 'otherwise limit' a qualified individual with a disability in the enjoyment of any right, privilege, aid, benefit, or service. 28 C.F.R. 35.130(b)(1)(ii) & (vii). Prohibited disability additionally includes the failure to make reasonable modifications as necessary to avoid discrimination against an individual based on their disability. 28 C.F.R. 130(b)(7)

73. An "individual with a disability" is one who has a physical or mental impairment that substantially limits one or more of their major life activities. 42 U.S.C. 12102(1)

74. Major life activities include, but are not limited to, caring for oneself, performing manual tasks, walking, standing, lifting, bending, speaking, learning, and working. 42 U.S.C. 12102(2)(A). Major life activities also include the operation of major bodily function. 42 U.S.C. 12102(2)(B)

75. A "qualified individual with a disability," is one who, with or without reasonable accommodations for their disability, meets essential eligibility requirements to receive services from or participate in the programs or activities of the public entity. 42 U.S.C. 12131(2)

76. Jayce M. is a child with Autism, Developmental Delay and ADHD having physical and mental impairments. Jailyn M. is a child with ADHD having physical and mental impairments.

77. Jayce M.'s impaired physical and mental status affect his major life activities. Jailyn M.'s impaired physical and mental status affect her major life activities.

78. Jailyn M. and Jayce M. are otherwise qualified persons with disabilities who meet the essential eligibility requirements to receive service from or participate in the programs or activities of Wilson County Schools.

79. Wilson County Schools' refusal to permit access to its Kids Club program discriminates against Jayce M. and Jailyn M. as persons with disabilities by denying them equal access and otherwise limiting their access to Wilson County Schools'

facilities, programs and services as compared to their non-disabled peers. 28 C.F.R. 35.130(a) and (b)(1)(ii) & (vii)

80. Wilson County Schools illegally discriminated against Jayce M. and Jailyn M. in their continuing refusal to reasonably accommodate them as persons with a disability.

81. Wilson County Schools' refusal to accommodate Jayce M. and Jailyn M. was illegal disability-based discrimination that violates Title II of the Americans with Disabilities Act of 1990.

82. Wilson County Schools' discrimination was intentional as the Defendant knowingly refused to accommodate the Plaintiffs despite having full knowledge that they are qualified persons with a disability seeking to access its Kids Club after-school, a program and service available to her non-disabled peers; for, among reasons, this program has previously been under monitoring by the OCR for like violations.

83. As a proximate result of these violations of Title II of the Americans with Disabilities Act, Plaintiffs have suffered harm as set forth above.

84. To date, the Defendant's discriminating actions continue. Jayce M. and Jailyn M. are still prohibited from enrolling in Kids Club.

85. Section 28 U.S.C. 794(a), among other statutes, authorize this Court to award attorneys' fees to the Plaintiffs based on these illegal actions by Defendant.

86. Section 42 U.S.C. 12133 and 28 U.S.C. 794(a), among other statutes, authorize this Court to award attorneys' fees to the Plaintiffs based on these illegal actions by Defendant.

**WHEREFORE**, premises considered, Jayce M. and Jailyn M., by and through their parents, Jeff M. and Jamie M. demand judgment against Wilson County Schools on all counts and request the following award of relief, including injunctive and declaratory relief:

**A.** That the Court enter judgment in Plaintiffs' favor against the Defendant;

**B.** Enter a declaration that Wilson County Schools violated Plaintiffs' rights under Section 504 of the Rehabilitation Act of 1973 and Title II of the Americans with Disabilities Act;

**C.** Award damages in an amount to be determined at trial;

**D.** Award attorneys fees pursuant to Section 504 of the Rehabilitation Act of 1973 and Title II of the Americans with Disabilities Act;

**E.** That the Court enter an Order directing Wilson County Schools to evaluate and neutralize its policies, practices, and procedures towards persons with disabilities for such reasonable time so as to allow them to undertake and complete corrective procedures;

**F.** That the Court enjoin Defendant to remediate the Kids Club program to the proper level of accessibility required by law; and,

**G.** That the Court award such other, further, and different relief as it deems necessary, just, and proper.

Respectfully Submitted, this the 1st day of July, 2017.

/s/ Michael F. Braun

_____

MICHAEL F. BRAUN (BPR 032669)
ATTORNEY FOR THE PLAINTIFFS
P. O. Box 364
Brentwood, TN 37024
(615) 378-8942
Fax: (334) 356-8810
Email: mfb@braun-law.com